UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CRESCENT CITY PROPERTY REDEVELOPMENT ASSOCIATES, LLC, ET AL. | CIVIL ACTION |
| VERSUS | NO: 13-5632 |
| SOUTHERN FIDELITY INSURANCE CO., INC. | SECTION: "A" (3) |

**ORDER REMANDING CASE FOR LACK OF JURISDICTION**

Defendant Southern Fidelity Insurance Co., Inc. removed this case from state court and then filed a Motion to Dismiss (Rec. Doc. 6), which was noticed for submission on October 9, 2013. In the course of reviewing this matter in conjunction with the motion to dismiss, the Court began to question whether this case was properly removed from state court. Specifically, the Court was not convinced that the amount in controversy requirement was satisfied. On October 11, 2013, the Court entered an order directing the removing party to file a memorandum in support of subject matter jurisdiction. (Rec. Doc. 21). Defendant Southern Fidelity timely responded. (Rec. Doc. 22).

Federal courts have the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if jurisdiction is lacking. Giannakos v. M/V Bravo Trader, 762 F.2d 1295, 1297 (5th Cir. 1985) (citing Fed. R. Civ. P. 12(h)(3); In re Kutner, 656 F.2d 1107, 1110 (5th Cir. 1981)); 28 U.S.C.A. § 1447(c) (West 2006). The question of subject matter jurisdiction can never be waived nor can jurisdiction be conferred by consent of the parties. Id. (citing C. Wright A. Miller & E. Cooper, Fed. Prac. & Proc. § 3522 (1984)).

It is well-established that the party invoking the jurisdiction of a federal court has the

burden of proving that the exercise of such jurisdiction is proper. In re North American Philips Corp., 1991 WL 40259, at *2 (5th Cir. 1991). In a removal case, the removing party bears that burden, a burden unaffected by the status of discovery, the number of plaintiffs, or any problems created by state law. Id. Any doubt regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction and in favor of remand. Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) (citing Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir.1988)).

The Court remains unpersuaded that the amount in controversy has been shown by a preponderance of the evidence to exceed $75,000. The additional recovery attributable to the insurance policy itself falls well below the jurisdictional amount. The additional claims for extra-contractual recovery, some elements of which are not even recoverable under Louisiana law and/or the facts of this case, do not ipso facto transform this case into one removable to a federal court. In sum, the Court finds the support as to the jurisdictional amount to be too speculative to support jurisdiction.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that this matter is REMANDED to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

October 24, 2013

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE